# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANITA SPANGLER, individually and as executrix of the Estate of Shirley Hockenberry, deceased, | : : : : | |
| Plaintiff | : : | No. 1:18-cv-01297 |
| v. | : : | (Judge Kane) |
| CENTERS FOR MEDICARE & MEDICAID SERVICES, Defendant | : : : : | |

## MEMORANDUM

Before the Court is Defendant Centers for Medicare & Medicaid Services ("Defendant")'s motion to dismiss Plaintiff Anita Spangler ("Plaintiff")'s complaint (Doc. No. 1), pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 5). For the reasons provided herein, the Court will grant Defendant's motion.

## I. BACKGROUND[1]

On November 11, 2016, Shirley Hockenberry ("Ms. Hockenberry"), Plaintiff's mother, was involved in a motor vehicle pedestrian collision which resulted in the fracture of Ms. Hockenberry's right femur. (Doc. No. 1 ¶ 8.) Ms. Hockenberry was hospitalized and then transferred to Colonial Park Care Center ("CPCC") for further treatment. (Id.) According to Plaintiff, while at CPCC, Ms. Hockenberry developed medical problems unrelated to the collision, "including a rash that led to infection, pneumonia, and a foot ulcer, that required her to stay and receive additional care at CPCC." (Id. ¶ 9.)

---

[1] Unless otherwise noted, the factual account provided herein is derived from Plaintiff's complaint. (Doc. No. 1.)

Plaintiff alleges that on December 13, 2016, CPCC issued "a Notice of Medicare Non-Coverage" on behalf of Advantra, a Medicare Advantage plan offered by Aetna, informing Ms. Hockenberry that Medicare coverage for skilled nursing facility ("SNF") services would end on December 16, 2016. (Id. ¶ 10.) Plaintiff further alleges that on December 15, 2016, Livanta, "a service authorized by Medicare to determine if treatments are medically necessary and are mandated to provide expedited review when a beneficiary appeals the provider's decision to terminate services," sent a letter to Ms. Hockenberry informing her that her Medicare coverage for treatment at a skilled nursing facility would be terminated. (Id. ¶ 11.) Plaintiff states that Ms. Hockenberry's Medicare coverage through Advantra was subsequently terminated on December 17, 2016 because the injuries she sustained in the collision had improved. (Id. ¶ 12.) Plaintiff alleges, however, that after Ms. Hockenberry's coverage was terminated, her condition subsequently deteriorated because of the medical problems she developed at CPCC that were unrelated to the collision. (Id. ¶ 13.)

According to Plaintiff, Plaintiff's counsel sent letters to Advantra on February 20, 2017, and to Livanta on February 24, 2017, to "perfect an appeal and to exhaust all administrative remedies." (Id. ¶ 16.) Plaintiff alleges that on March 19, 2017, Ms. Hockenberry was discharged from CPCC (id. ¶ 17), but did not "recover from her non-collision related injuries," and her "medical condition[] continued to deteriorate until she passed away on April 1, 2017" (id. ¶ 18). Plaintiff states that she "appealed to the Administrative Law Judge (ALJ) and received a notice of dismissal on June 5, 2017." (Id. ¶ 19.) Plaintiff further states the dismissal was upheld by the Medicare Appeals Council ("MAC") on March 26, 2018. (Id. ¶ 20.)

Plaintiff, both in her individual capacity and as the executrix of the estate of Ms. Hockenberry, commenced this action by filing her complaint against Defendant on June 27,

2

2018.  (Id. at 1.)  In her complaint, Plaintiff asserts a breach of contract claim (Count I), and an appeal from an administrative body claim (Count II).  (Id. at 4-5.)  On November 16, 2018, Defendant filed a motion to dismiss both claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 5), and a brief in support thereof (Doc. No. 6).  Plaintiff filed her brief in opposition to Defendant's motion to dismiss on November 27, 2018 (Doc. No. 7), to which Defendant filed a reply brief on December 11, 2018 (Doc. No. 8).  Having been fully briefed, the motion is ripe for disposition.

## II.   LEGAL STANDARD

When a Rule 12 motion is based on more than one ground, "the [C]ourt should consider the Rule 12(b)(1) challenge first, because if the [C]ourt must dismiss the complaint for lack of subject-matter jurisdiction, all other defenses and objections become moot."  See In re Corestates Trust Fee Litig., 837 F. Supp. 104, 105 (E.D. Pa. 1993), aff'd, 39 F.3d 61 (3d Cir. 1994).  On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff ordinarily bears the burden of persuasion that jurisdiction exists.  See Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

A dismissal under Federal Rule of Civil Procedure 12(b)(1) is not a judgment on the merits of a case; rather, it is a determination that the Court lacks the power to hear a case.  See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A Rule 12(b)(1) motion may be treated in one of two ways: "either as a facial or a factual challenge to the [C]ourt's subject matter jurisdiction."  See John G. v. Ne. Educ. Intermediate Unit 19, 490 F. Supp. 2d 565, 575 (M.D. Pa. 2007) (citing Gould Elecs., Inc., 220 F.3d at 178).  Should the motion be presented or construed as a facial attack, the Court may consider only "the allegations contained in the complaint," exhibits attached thereto, "matters of public record . . . , and

'indisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." See id. (citation omitted). The facial attack "offers a safeguard to the plaintiff similar to a 12(b)(6) motion; the allegations of the complaint are considered to be true." See Mortensen, 549 F.2d at 891.

The second type of Rule 12(b)(1) motion – a factual attack – permits the defendant to submit, and the Court to consider, "evidence that controverts the plaintiff's allegations." See Gould Elecs., Inc., 220 F.3d at 178. If the motion factually challenges the Court's subject matter jurisdiction, no presumption of truthfulness attaches to the allegations in the plaintiff's complaint, and the plaintiff bears the burden of establishing jurisdiction. See Mortensen, 5449 F.2d at 891. In such a case, the plaintiff must be permitted to respond to the defendant's evidence with his or her own evidence supporting jurisdiction. See id. Only when it is clear from the record that the plaintiff is unable to prove the existence of subject matter jurisdiction may a court properly dismiss the claim pursuant to a Rule 12(b)(1) factual attack. See id.

Defendant's 12(b)(1) motion proceeds as a facial attack and, as a result, the Court will apply the same standard of review as it does in the context of a Rule 12(b)(6) motion, considering only the allegations of the complaint, the documents referenced in the complaint, and any exhibits attached to the complaint in the light most favorable to the plaintiff.[2] See Constitution Party v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to

---

[2] Defendant includes numerous citations to "the record" throughout its briefs. The Court assumes that these citations are references to the administrative record generated from Plaintiff's initial appeal of her denial of Medicare benefits to an administrative law judge on June 5, 2017, and her subsequent appeal to the MAC on March 26, 2018. The Court notes, however, that the Defendant has not attached the administrative record as an exhibit to either its brief in support of its motion to dismiss (Doc. No. 6), or its reply (Doc. No. 8).

dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The legal standards governing pleading practice in federal court have shifted to a "more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To avoid dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. Indeed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when evaluating the sufficiency of a complaint's allegations as tested against a Rule 12(b)(6) motion: (1) identify the elements a plaintiff must plead to state a claim; (2) discard any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In evaluating whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all factual allegations in the complaint, and construe all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). A court "need not credit a

5

complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss," Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997), and must disregard any "formulaic recitation of the elements of a cause of action." See Twombly, 550 U.S. at 555. Additionally, a court may not assume that a plaintiff can prove facts that the plaintiff has not alleged. See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). In deciding a Rule 12(b)(6) motion, a court may consider, in addition to the facts alleged on the face of the complaint, any exhibits attached to the complaint, "any matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citation and quotation marks omitted).

### III. DISCUSSION

#### A. Arguments of the Parties

In moving to dismiss Plaintiff's complaint, Defendant first argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because Defendant has not waived sovereign immunity as to Count I (Doc. No. 6 at 6), Plaintiff has not exhausted her administrative remedies as to Count I (id. at 8-9), and that Plaintiff has failed to plead an amount in controversy as to Count II (id. at 10). Defendant also argues that Count II should be dismissed for failure to state a claim because Plaintiff's claim is time-barred (id. at 11), and Plaintiff has failed to establish why the final decision of the Secretary should be reversed (id. at 13). Plaintiff argues that the Court has subject matter jurisdiction because there has been a waiver of sovereign immunity (Doc. No. 7 at 6), Plaintiff has exhausted all administrative remedies, (id.), and that the Court should permit

Count II to proceed because, despite being untimely, Plaintiff satisfies the requirements for excusable neglect (id. at 5).[3]

> B. **Whether the Court Lacks Subject Matter Jurisdiction over Count I of Plaintiff's Complaint Because Defendant Has Not Waived Sovereign Immunity**

It is well-settled that the United States of America is generally immune from suit absent an explicit waiver of sovereign immunity. See United States v. Mitchell, 445 U.S. 535, 538 (1980). "Sovereign immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475 (1994), and extends to governmental agencies of the United States, as well. See Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). The United States' consent to be sued cannot be implied – it must be "unequivocally expressed," and waivers of sovereign immunity must be "strictly construed" in favor of the government. See United States v. Idaho, 508 U.S. 1, 6-7 (citations omitted); see also FMC Corp. v. U.S. Dep't of Commerce, 29 F.3d 833, 838-39 (3d Cir. 1994). Plaintiff's inability to identify an unequivocal waiver of sovereign immunity by Congress requires the Court's dismissal of Count I. See Glob. Fin. Corp. v. United States, 67 F. App'x 740, 742 (3d Cir. 2003) ("Plaintiff 'bears the burden of showing an unequivocal waiver of immunity.'") (quoting Baker v. United States, 817 F.2d 560, 562 (9th Cir.), cert. denied, 487 U.S. 1204 (1988)).

As an initial matter, in her complaint Plaintiff cites only to the federal question statute, 28 U.S.C. § 1331, as the basis for the Court's jurisdiction over Count I. (Doc. No. 1 ¶ 2.) This reference is misplaced, however, as 28 U.S.C. § 1331 does not abrogate sovereign immunity. See Indus. Highway Corp. v. Danielson, 796 F. Supp. 121, 125 (D.N.J. 1992) ("Section 1331, the

---

[3] Plaintiff does not address Defendant's argument that her complaint does not state a claim upon which relief can be granted.

federal question statute, does not in itself abrogate the United States' sovereign immunity."), aff'd, 995 F.2d 217 (3d Cir. 1993). Plaintiff subsequently argues in her brief that the United States has waived sovereign immunity through 42 U.S.C. § 1395w-22(g)(5) and 42 C.F.R. § 422.612.[4] (Doc. No. 7 at 6-8.) These regulations, however, pertain only to federal court review of denied claims for benefits under the Medicare Advantage Program, not to a purported breach of contract claim brought under the Medicare Act.

In Count I of her complaint, Plaintiff alleges that "Defendant breached its statutory obligation [to Ms. Hockenberry] when it denied her Medicare [c]overage during her stay at CPCC." (Doc. No. 1 ¶ 25.) Plaintiff further alleges that "Defendant breached its statutory obligation to provide reasonable and necessary coverage for [Ms. Hockenberry] when it terminated her SNF coverage on December 16, 2016." (Id. ¶ 26.) While Plaintiff fails to plead the facts necessary to establish the existence of a contract between herself and Defendant, she also fails to demonstrate that Defendant has waived sovereign immunity as to any breach of contract claim. Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the government. See United States v. Mitchell, 462 U.S. 206, 212 (1983). Given that Plaintiff bears the burden of showing an unequivocal waiver of sovereign

---

[4] 42 U.S.C. § 1395w-22(g)(5) provides, in part, that:

> [a]n enrollee with a Medicare+Choice plan of a Medicare+Choice organization under this part who is dissatisfied by reason of the enrollee's failure to receive any health service to which the enrollee believes the enrollee is entitled and at no greater charge than the enrollee believes the enrollee is required to pay is entitled. . . [i]f the amount in controversy is $1,000 or more . . . to judicial review of the Secretary's final decision as provided in section 405(g) of this title . . . .

Id. 42 C.F.R. § 422.612 provides that "[i]n order to request judicial review, a party must file a civil action in a district court of the United States in accordance with [42 U.S.C. § 405(g)]." 42 C.F.R. § 422.612.

immunity, see Glob. Fin. Corp., 67 F. App'x at 742, and that Plaintiff has failed to do so here, the Court lacks subject matter jurisdiction as to Count I.[5]  Further, any amendment of Plaintiff's complaint would be futile because, as stated above, Defendant has not waived sovereign immunity as to Count I and is thus immune from suit.  See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) ("Amendment of the complaint is futile if the amendment will not cure the deficiency in the original [pleading] or if the amended [pleading] cannot withstand a renewed motion to dismiss.").  Accordingly, the Court will grant Defendant's motion as to Count I.

### C. Whether Count II of Plaintiff's Complaint is Time-Barred

In Count II, which is styled as an "appeal from an administrative body," Plaintiff alleges that "appeals from federal administrative bodies are properly made in [f]ederal [c]ourt when there is a final order from an administrative body." (Id. ¶ 29.)  Plaintiff further alleges that her "latest appeal through the administrative process outlined by [Defendant] was dismissed on March 26, 2018," and that dismissal "constitutes a final decision by [Defendant] on the matter." (Id. ¶¶ 30-31.)  In moving to dismiss Count II, Defendant argues, inter alia, that Plaintiff failed to file her complaint within the statutory time-period and that, as a result, her complaint is time-barred.  (Doc. No. 6 at 11.)  Plaintiff argues that the Court should permit her to file late because her delay in filing was due to excusable neglect.  (Doc. No. 7 at 3-5.)

---

[5] The Court notes that even if there had been a waiver of sovereign immunity as to Count I, Plaintiff's claim would still be barred by 42 U.S.C. § 405(h) because she has not exhausted her administrative remedies as to her breach of contract claim which she asserts in her complaint is "an issue for the Court and not an administrative body."  (Doc. No. 1 ¶ 32.)  Count I "arises under" the Medicare Act, see Heckler v. Ringer, 466 U.S. 602, 615 (1984), and § 405(h) "mandates the 'channeling' of virtually all legal attacks through the agency."  See Puerto Rican Assoc. of Physical Med. & Rehab, Inc. v. United States, 521 F.3d 46, 48 (1st Cir. 2008).

An enrollee in a Medicare plan "who is dissatisfied by reason of the enrollee's failure to receive any health service to which the enrollee believes the enrollee is entitled" and who obtains an unfavorable final decision from the Secretary of Health and Human Services is "entitled to judicial review . . . as provided in [42 U.S.C.] section 405(g)." 42 U.S.C. § 1395w-22(g)(5). To obtain judicial review, the enrollee must file a civil action in federal district court "within sixty days after the mailing to [her] of notice of such decision or within such further time as the [Secretary of Health and Human Services] may allow." Id. § 405(g). The Secretary of Health and Human Services has promulgated regulations providing that the civil action must be filed in a federal district court within sixty days after the enrollee "receives notice" of the final decision. 42 C.F.R. § 405.1136(c)(1); id. § 405.1130. The date notice is presumed to be received by the enrollee is "5 calendar days after the date of the notice, unless there is a reasonable showing to the contrary." Id. § 405.1136(c)(2).

Plaintiff alleges that the MAC "upheld the dismissal [of her appeal] in a decision dated March 26, 2018." (Doc. No. 1 ¶ 21.) Pursuant to 42 C.F.R. § 405.1126(c)(2), Plaintiff is presumed to have received notice of the MAC decision on March 31, 2018. See id. As a result, Plaintiff was required to file her action by May 30, 2018. See id. § 405.1130. As stated above, Plaintiff filed this action on June 27, 2018, twenty-eight days after the statutory period closed. Plaintiff argues, however, that her delay in filing was the result of excusable neglect (Doc. No. 7 at 3).

"The Supreme Court has explained that determining whether neglect is 'excusable' requires weighing a number of factors, including 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant

10

acted in good faith.'" Kanoff v. Better Life Renting Corp., 350 F. App'x 655, 657 (3d Cir. 2009) (citing Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993)). The Third Circuit has recognized, however, that "[t]hese factors . . . do not establish a mathematical formula" because the determination of what constitutes excusable neglect is "at bottom an equitable one[.]" Kanoff, 350 F. App'x at 657 (citing Pioneer, 507 U.S. at 395).

Defendant argues that the third and fourth factors, the reason for the delay and whether it was within the reasonable control of the movant, and whether the movant acted in good faith, do not support a finding that Plaintiff's delay in filing was due to excusable neglect. (Doc. No. 8 at 5.) Defendant correctly acknowledges that the sole argument Plaintiff advances that relates to the third and fourth factors is irrelevant for the purposes of the Court's instant analysis. Plaintiff states that she retained counsel on February 15, 2017 and shortly thereafter her counsel sent requests to Advantra and Livanta requesting documentation to perfect an appeal. (Doc. No. 7 at 6.) Plaintiff further argues that "[b]ased on these facts, it is clear that the movant acted in good faith when seeking to file a hearing request." (Id.) As Defendant correctly states, "Plaintiff conflates her untimely appeal of the reconsideration decision to the [a]dministrative [l]aw [j]udge . . . with her late filing before this Court." (Doc. No. 8 at 5.) While the actions taken by Plaintiff's counsel in February 2017 may be relevant to Plaintiff's appeal of the reconsideration decision to the administrative law judge, they are not relevant to the Court's analysis of whether the untimely filing of her complaint was due to excusable neglect. Given that Plaintiff has not provided relevant information regarding the reason for her delay in filing and whether it was within her reasonable control, and whether she acted in good faith, the Court declines to conclude that the untimely filing of her complaint was due to excusable neglect. As a result, because Plaintiff filed her action on June 27, 2018, twenty-eight days after the close of the sixty-

day period established in 42 U.S.C. § 405(g), Plaintiff's civil action is untimely.  See Perot v. Sec'y of Health & Human Servs., No. H-06-1153, 2007 WL 26819, at *2 (S.D. Tex. Jan. 3, 2007) aff'd 304 F. App'x 245 (5th Cir. 2008) (dismissing case seeking review of denial of Medicare claim as untimely after Plaintiff filed his action two days beyond statutory deadline). Accordingly, the Court will grant Defendant's motion as to Count II.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Defendant's motion to dismiss in its entirety. An Order consistent with this Memorandum follows.